Keith E. Smith (State Bar No. 244505)
kesmith@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
21804 Cactus Avenue, Suite 200
Riverside, California 92518-3010
Phone: 951.779.5000 ♦ Fax: 951.755.1650

Attorneys for Defendant, INSURANCE
AUTO AUCTIONS, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| BHT OF RICHMOND, LLC, A FLORIDA LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>INSURANCE AUTO AUCTIONS, INC., an Illinois corporation, and DOES 1-10, Inclusive<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT INSURANCE AUTO AUCTIONS, INC. PURSUANT TO 28 U.S.C. §§ 1332, 1441 & 1446; AND DECLARATION OF KEITH E. SMITH IN SUPPORT THEREOF**<br><br>[State Court Case No.: BCV-24-101782] |
|---|---|

**TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant INSURANCE AUTO AUCTIONS, INC. (hereinafter "IAA") hereby seeks removal of the below-referenced action from the Superior Court of the State of California, County of Kern, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§1332, 1441, and 1446, *Federal Rules of Civil* Procedure, Rule 81(c) and as more particularly set forth below.

33174980.1:10906-0006

NOTICE OF REMOVAL OF ACTION

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ♦ FAX 951.755.1650

# I.    THE STATE COURT ACTION

On May 29, 2024, BHT of Richmond, LLC, a Florida Limited Liability Company ("BHT"), filed a Complaint for (1) Breach of Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; and (3) Declaratory Relief and Reformation (the "Complaint"), in the Superior Court of the State of California, County of Kern, within the matter entitled BHT of Richmond, LLC, a Florida limited liability company v. Insurance Auto Auctions, Inc., et al., Case No. BCV-24-101782 (the "State Court Action").

BHT alleges in the Complaint that BHT is a limited liability company organized and existing under the laws of the State of Florida and authorized to do business in the State of California.  (See, Complaint attached to the Declaration of Keith E. Smith as **Exhibit "A"** at ¶ 1.)  BHT further alleges that IAA was and is a corporation organized and existing under the laws of the State of Illinois and authorized to do business in California.  (See, **Exhibit "A"** at ¶ 2.)

Within the Complaint, BHT asserts the following causes of action: (1) Breach of Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; (3) Declaratory Relief; and (4) Reformation.  (See, **Exhibit "A"**.)  BHT alleges that IAA breached a lease[1] whereby BHT was contractually obligated to purchase certain real estate (79.47 gross acres of land commonly known as 1400 South Sierra Highway, Rosamond, California) and then construct a building for IAA to operate its business.  BHT alleges that IAA was responsible to pay base rent in the amount of $182,875.00 per month, with a 2% increase.  (See, **Exhibit "A"** at ¶ 11.)  BHT alleges that Defendant has wrongfully attempted to terminate the lease and has breached the lease.  (See, **Exhibit "A"** at ¶ 27.)

/ / /

---

[1] BHT has attached the lease as Exhibit "A" to its Complaint and incorporated the lease into the Complaint.  (See, **Exhibit "A"** at ¶ 8 and Exhibit A attached thereto.)

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ♦ FAX 951.755.1650

33174980.1:10906-0006

-2-

BHT alleges that IAA was obligated to deposit with the escrow agent a security deposit in the amount of $2,194,500.00.  (See, **Exhibit "A"** at ¶¶ 14, 23, and 35 ,and the Lease attached to the Complaint at Exhibit A at ¶3(d).)  BHT alleges that the security deposit was the equivalent to the first year's rent payments and was required to be paid by IAA upon obtaining all necessary approvals.  (See, **Exhibit "A"** at ¶ 54.)

Further, BHT alleges that IAA became contractually bound to purchase the subject property and as a result of IAA not purchasing the subject property, BHT lost the ability to sell the subject property for the purchase price set forth in the right of first refusal.  (See, **Exhibit "A"** at ¶¶ 31, 32 and Exhibit F to the Complaint.)

Prior to filing the State Court Action, on April 4, 2024, counsel for BHT sent a notice of breach and demand for payment letter to IAA seeking damages in excess of $30,000,000.  (See, **Exhibit "B"** to the Declaration of Keith E. Smith.)

Defendant IAA disputes that it breached the lease agreement and contends that it properly terminated the lease in accordance with its terms.  However, based upon the allegations in BHT's Complaint, removal is proper as there is complete diversity and the amount in controversy is well in excess of the jurisdictional minimum $75,000 of this Court.  Thus, this dispute should be adjudicated in this Court, where the previously filed Complaint by IAA is already pending.

II.    **THE PENDING FEDERAL COURT ACTION IN THE EASTERN DISTRICT PREVIOUSLY FILED BY IAA AGAINST BHT**

Prior to BHT filing the State Court Action, IAA filed the pending Complaint in the action entitled, *Insurance Auto Auctions, Inc. v. BHT of Richmond, LLC*, Case No. 1:24-cv-00631-SKO, which was filed on May 28, 2024 (the "Federal Court Action").  (See, Complaint attached as **Exhibit "C"** to the Declaration of Keith E. Smith.)  The Federal Court Action was filed prior to BHT filing the State Court Action and the subject matter of the Federal Court Action filed by IAA is the same subject matter as BHT's State Court Action, which is the subject of the Notice of

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ♦ FAX 951.755.1650

Removal.

By way of the Complaint in the Federal Court Action, IAA asserts a cause of action for Declaratory Relief pertaining to the parties rights and duties under the lease agreement. (See, **Exhibit "C"** at ¶¶ 34, 35.)  In Paragraph 29 of the Complaint in the Federal Court Action, IAA alleges that BHT is seeking damages in excess of $30,000,000 from IAA as a result of this real estate lease transaction. (See, **Exhibit "C"** at ¶ 29.)  Through the Complaint, IAA alleges that BHT failed to comply with the terms of the lease, failed to obtain all necessary approvals, and failed to meet all of the contingency approvals. (See, **Exhibit "C"** at ¶ 26.)

Accordingly, there is already pending in the Eastern District of California an action between IAA and BHT involving the subject property.  Therefore, the State Court Action should be removed to Federal Court and become part of the already-pending Federal Court Action previously filed by IAA.

## III.   **REMOVAL IS TIMELY**

On May 30, 2024, IAA was served with a copy of the Complaint and Summons thereon. (See, Declaration of Keith E. Smith at ¶ 4.)  A true and correct copy of the Complaint and Summons in the State Court Action is attached as **Exhibit "A"** to the Declaration of Keith E. Smith.

A defendant has thirty (30) days from the date of service of a summons and complaint to remove an action to Federal Court. (See, 28 U.S.C. §1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).)  Thirty days from May 30, 2024 is July 1, 2024. As this Notice has been filed and served on or before July 1, 2024, it is timely.

## IV.   **REMOVAL TO FEDERAL COURT IS PROPER**

"Any civil action" commenced in state court is removable if it might have been brought originally in federal court. (28 U.S.C. §1441(a); See, *Exxon Mobil Corp. v. Allapattah Services, Inc.*  545 U.S. 546, 563, (2005) ["[D]istrict court has original jurisdiction of a civil action for purposes of §1441(a) as long as it has

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ♦ FAX 951.755.1650

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ♦ FAX 951.755.1650

original jurisdiction over a subset of the claims constituting the action"]. Therefore, the first step in determining removability is to consider whether the action could have been brought in federal court – i.e., whether either "diversity" or "federal question" jurisdiction can be established.  (See, *Caterpillar Inc. v. Williams* 482 US 386, 392 (1987).

Diversity jurisdiction is established within 28 U.S.C. § 1332, which states, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, and is between … citizens of different States." Complete diversity of citizenship need only exist between Plaintiff and each Defendant; two or more Defendants may be citizens of the same state, so long as it is different than Plaintiff's state of citizenship.  (28 U.S.C. §1332(a)(1).)

Complete diversity exists between BHT and IAA and the State Court Action could have been filed in Federal Court as the amount in controversy exceeds $75,000.  (*Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017); and *Gonzalez v. CarMax Auto Stores, LLC*, 840 F.3d 770, 774 (9th Cir. 2016).

**A.    Complete Diversity Exists.**

When determining citizenship under 28 U.S.C. §1332:

1.     An individual is a citizen of a state in which they are domiciled. (*Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).

2.     "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business" (28 U.S.C. § 1332(c)(1).)

3.     A limited liability company is considered to have the citizenship of all of its constituent members.  (*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894 (9th Cir. 2006).)

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ♦ FAX 951.755.1650

4.      "[T]he citizenship of defendants sued under fictitious names shall be disregarded." (28 U.S.C. §1441(b)(1); see also, *Gardiner Family, LLC v. Crimson Res. Mgmt. Corp.*, 147 F.Supp.3d 1029, 1036 (E.D. Cal. 2015) [holding that "Does" named in Complaint without any indication as to their identities or relationship to the action are wholly fictitious and properly disregarded for jurisdictional purposes].

In this matter, complete diversity of citizenship exists because, at all times relevant, including when the Complaint was filed and at the time of removal:

a.      BHT is a limited liability company organized and existing under the laws of the State of Florida and authorized to do business in the State of California. (See, **Exhibit "A"** at ¶ 1.)

b.      BHT is owned and managed by BHT Manager, LLC, which is a Florida limited liability company having its principal place of business in Fort Lauderdale, Florida.  (See, **Exhibit "E"** to the Declaration of Keith E. Smith.)

c.      IAA was and is an Illinois corporation with its principal place of business located in Westchester, Illinois. (See, **Exhibit "D"** to the Declaration of Keith E. Smith.)

**B.      The Amount in Controversy Exceeds $75,000.**

Once complete diversity of citizenship is established, a matter is properly removed to federal court when "facially apparent" allegations in the complaint demonstrate the amount in controversy exceeds the $75,000 jurisdictional limit of the federal court. (*Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) ["Facially apparent" from complaint amount satisfied due to allegations of property damage, travel expenses, pain and suffering, etc.].)

To this end, the Court may make reasonable deductions and inferences from the Complaint when considering what is "facially apparent" from Plaintiff's allegations, but this is not confined solely to the face of the complaint. (See, *Valdez v. Allstate Insurance Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).)   For example, "[a] settlement letter is relevant evidence of the amount in controversy at the time of

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ♦ FAX 951.755.1650

removal."  (See, *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-840.)

Here, BHT has alleged that IAA breached the lease and has not paid rent any rent under the lease, with rent payments totaling $182,875.00 per month.  (See, **Exhibit "A"** at ¶ 11.)  A single monthly payment alone, which BHT contends was not made, satisfies the amount in controversy requirement alone.  BHT also alleges that IAA was obligated to deposit with the escrow agent a security deposit in the amount of $2,194,500.00 and failed to do so.  (See, **Exhibit "A"** at ¶¶ 14, 23, and 35 and the Lease attached to the Complaint at Exhibit "A" at ¶3(d).)  BHT alleges that the security deposit was the equivalent to the first year's rent payments and was required to be paid by IAA upon obtaining all necessary approvals.  (See, **Exhibit "A"** at ¶ 54.)  Further, BHT alleges that IAA became contractually bound to purchase the subject property and as a result of IAA not purchasing the subject property, BHT lost the ability to sell the subject property for the purchase price set forth in the right of first refusal.  (See, **Exhibit "A"** at ¶¶ 31, 32 and Exhibit "F" to the Complaint.)

Prior to filing the State Court Action, on April 4, 2024, counsel for BHT sent a demand for payment to IAA seeking damages in excess of $30,000,000.  (See, **Exhibit "B"** to the Declaration of Keith E. Smith and )  In the pending Federal Court Action in this District, IAA asserts a cause of action for Declaratory Relief pertaining to the parties rights and duties under the lease agreement.  (See, **Exhibit "C"** to the Declaration of Keith E. Smith at ¶¶ 34, 35.)   In Paragraph 29 of the Complaint in the Federal Court Action, IAA alleges that BHT is seeking damages in excess of $30,000,000.00 from IAA as a result of this real estate lease transaction. (See, **Exhibit "C"** at ¶ 29.)

Accordingly, the minimum threshold amount in controversy of $75,000 has been satisfied.  Indeed, there is no anticipated dispute by BHT to this prerequisite being met.  Consequently, this matter is properly removed to Federal Court as both requirements of 28 U.S.C. § 1332 have been met.

**V.     NOTICE TO STATE COURT**

A true and correct copy of this Notice of Removal will be promptly served on BHT and filed with the Clerk of the Superior Court of the State of California, County of Kern as required by law.

**VI.     CONCLUSION**

Therefore, further proceedings in the Superior Court of the State of California, County of Kern, within the matter entitled BHT of Richmond, LLC, a Florida limited liability company v. Insurance Auto Auctions, Inc., et al., Case No. BCV-24-101782, must be discontinued, and this action shall be removed to the United States District Court for the Eastern District of California.

DATED:  July 1, 2024                    WOOD, SMITH, HENNING & BERMAN LLP

By:  _____
KEITH E. SMITH
Attorneys for Plaintiff, INSURANCE AUTO AUCTIONS, INC. IN CA.

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ♦ FAX 951.755.1650

**DECLARATION OF KEITH E. SMITH**

I, Keith E. Smith, declare as follows:

1. I am an attorney at law duly admitted to practice before the courts of the State of California. I am a Partner with WOOD, SMITH, HENNING & BERMAN LLP, attorneys of record for Defendant INSURANCE AUTO AUCTIONS, INC. (hereinafter "IAA"). I know the following facts to be true of my own knowledge, and if called to testify, I could competently do so.

2. This Declaration is made in support of Defendant IAA's Notice of Removal.

3. On May 29, 2024, BHT of Richmond, LLC, a Florida Limited Liability Company ("BHT"), filed a Complaint against Defendant IAA. Attached hereto as **Exhibit "A"** is a true and correct copy of the Summons, Complaint, and Civil Case Cover Sheet filed by BHT.

4. Defendant IAA was served with the Complaint filed by BHT on May 30, 2024.

5. On or about April 4, 2024, counsel for BHT sent correspondence to Defendant IAA, titled Notice of Breach of Lease Agreement, whereby counsel for BHT asserts that BHT's alleged damages exceed $30,000,000. Attached hereto as **Exhibit "B"** is a true and correct copy of correspondence, dated April 4, 2024,

6. On May 28, 2024, IAA filed a Complaint against BHT in the United States District Court, Eastern District of California, entitled *Insurance Auto Auctions, Inc. v. BHT of Richmond, LLC*, Case No. 1:24-cv-00631-SKO. Attached hereto as **Exhibit "C"** is a true and correct copy of the Complaint.

7. IAA is now and was at the time of the filing of this action, an Illinois corporation with its principal place of business located in Westchester, Illinois. Attached hereto as **Exhibit "D"** is a true and correct copy of Illinois Secretary of State records pertaining to Defendant IAA.

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ♦ FAX 951.755.1650

33174980.1:10906-0006

-1-

8.    BHT is a limited liability company organized and existing under the laws of the State of Florida and authorized to do business in the State of California. BHT is owned and managed by BHT Manager, LLC, which is a Florida limited liability company having its principal place of business in Fort Lauderdale, Florida. Attached hereto as **Exhibit "E"** is a true and correct copy of Florida Secretary of State records pertaining to BHT and its manager, BHT Manager, LLC.

9.    I will facilitate a true and correct copy of this Notice of Removal be promptly served on the Plaintiffs and filed with the Clerk of the Superior Court of the State of California, County of Riverside, as required by law.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 1, 2024 at Riverside, California.

_____

Keith E. Smith

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ◆ FAX 951.755.1650