# EXHIBIT "C"

Keith E. Smith (State Bar No. 244505)
kesmith@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
21804 Cactus Avenue, Suite 200
Riverside, California 92518-3010
Phone: 951.779.5000 ♦ Fax: 951.755.1650

Attorneys for Plaintiff, INSURANCE
AUTO AUCTIONS, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INSURANCE AUTO AUCTIONS, INC. | Case No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| BHT OF RICHMOND LLC, a Florida limited liability company, and DOES 1-15, | |
| Defendants. | |

COMES NOW Plaintiff, Insurance Auto Auctions, Inc. (hereinafter "Plaintiff"), who hereby alleges as follows:

## PARTIES

1. Plaintiff is an Illinois corporation, has its principal place of business in Westchester, Illinois, and is qualified to do business in California.

2. Defendant BHT of Richmond, LLC ("BHT") is a Florida limited liability company, has its principal place of business in Fort Lauderdale, Florida, and is qualified to do business in California. Plaintiff is informed and believes, and based thereon alleges, that BHT is or was at all times herein mentioned and material hereto doing business in the State of California. Plaintiff is further informed and

32970840.1:10906-0006

COMPLAINT

believes based upon the publicly available corporate records of BHT through the Florida Secretary of State, that BHT is owned and managed by BHT Manager, LLC, which is a Florida limited liability company having its principal place of business in Fort Lauderdale, Florida.

3.     The names and capacities, whether individual, corporate, associate or otherwise of certain subcontractors, manufacturers, design professionals and/or their parent, subsidiary, or alter egos named herein as DOES 1 through 15, inclusive, are presently unknown, and Plaintiff will amend this Complaint to insert their true names and capacities when ascertained.

4.     Plaintiff is informed and believes, and based thereon alleges, that BHT and DOES 1-15 (hereinafter collectively referred to as "Defendants"), are wholly responsible for the happenings and disputes alleged in this Complaint.

**JURISDICTION AND VENUE**

5.     This action and the legal theories alleged herein arises under California law.  The jurisdiction of this Court is invoked under 28 U.S.C. § 1332, as this dispute pertains to citizens of different states with complete diversity and the amount in controversy is well in excess of $75,000.

6.     Venue is proper in this Court under 28 U.S.C. § 1391, as the actions described herein occurred (and the written agreement was performed and the real property in dispute is located) in or about the City of Rosamond, in Kern County, California.  As such, the events giving rise to Plaintiff's claims occurred in the Eastern District of California, BHT has sufficient contacts with the Eastern District of California, and BHT performs substantial business in the Eastern District of California.  Moreover, pursuant to the parties' written lease agreement, the parties agreed that venue for any dispute arising out of the written agreement shall be the county in which the subject real property is located.

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ♦ FAX 951.755.1650

32970840.1:10906-0006                    -2-
COMPLAINT

## GENERAL ALLEGATIONS

**The Lease Agreement and its Terms.**

7. On or about February 26, 2021, Plaintiff and BHT entered into a written Lease Agreement ("Lease"), pertaining to real property commonly known as 1400 South Sierra Highway, Rosamond, California, consisting of approximately 79.47 gross acres, which were anticipated to include approximately 60 usable acres, together with a building containing approximately 9,800 square feet, and all other improvements located thereon within APN No. 473-023-06-00-3 (the "Property").

8. Pursuant to the Lease, BHT agreed to purchase the Property from the owners of such parcels making up the Property and to construct improvements upon the Property for the benefit of Plaintiff. In addition, BHT agreed to act as the Lessor and Plaintiff agreed to act as the Lessee of the Property once the improvements to the Property were completed.

9. Pursuant to the written terms of the Lease between BHT and Plaintiff, BHT's duties and obligations included, but were not limited to, the following:

(a) Purchase the Property from the owner(s).

(b) Perform construction of the initial improvements upon the Property as set forth in Exhibit "D" to the Lease.

(c) Achieve substantial completion of the initial improvements within the Target Completion Date identified in the Lease.

(d) Deliver at least 60 usable acres to Plaintiff with the initial improvements substantially completed.

(e) Maintain, repair and replace the roof, foundation, load bearing walls, exterior walls and stormwater drainage system of the building and improvements upon the Property.

(f) Obtain all necessary permits to perform all of the initial improvements upon the Property, including but not limited to, all grading and building permits.

(g) Obtain and procure all conceptual improvement plans, permit plans and

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ♦ FAX 951.755.1650

32970840.1:10906-0006

-3-

COMPLAINT

specifications for the construction of the improvements upon the Property.

(h) Improving to Kern County specifications the adjacent roads and access points to the Property from the adjacent roads.

(i) Obtain all of the approvals required in connection with the construction of the initial improvements, including but not limited to, grading plans, site plan, landscaping plans, drainage/storm water plans, road dedication, septic system, and conditional use permit, all of which Lessor was required to obtain prior to the commencement of construction of the initial improvements.

10. Upon BHT's completion of its obligations and duties under the Lease, including but not limited to, completing the initial improvements, Plaintiff intended to occupy the Property and utilize the Property to operate its business as a lessee to BHT.

11. Pursuant to the terms of Paragraph 23 of the Lease, "[t]ime is of the essence in this Lease, and all provisions of this Lease relating to the time of performance of any obligation under this Lease shall be strictly construed." Therefore, the timely performance of BHT's obligations under the Lease were very important and vital to Plaintiff and the terms of the Lease.

**BHT Breaches the Lease by Failing to Obtain the Required Approvals.**

12. Pursuant to Paragraph 40(a) of the Lease, Plaintiff's obligations under the Lease were expressly subject to and conditioned upon BHT obtaining "any and all necessary governmental approvals, zoning approvals, conditional use permits, special use permits, site plan approvals, building permits, and occupancy permits, which are reasonably satisfactory to Lessee [Plaintiff], for the Initial Improvements to be constructed" ("Approvals") and for Plaintiff to be able to operate its permitted use of the Property as contemplated under the Lease.

13. Paragraph 40(a) specifically identified the Approval Contingency Period as being 210 days from the effective date of the Lease, and stated as follows: "…Lessee [Plaintiff] may terminate this Lease by sending written notice to Lessor

32970840.1:10906-0006

-4-

COMPLAINT

on or before the expiration of the Approval Contingency Period, in which case this Lease shall be terminated and null and void."

14. Due to BHT's inability to obtain the Approvals within the initial 210-day Approval Contingency Period, the parties entered into five separate amendments to the Lease, extending the Approval Contingency Period through October 31, 2022. Plaintiff, in good faith and in a reasonable manner, sought to extend the deadline in order to provide BHT with additional time to complete its obligations under the Lease and to meet the Approval Contingency Period.

15. On or about September 28, 2022, Plaintiff and BHT entered into a written sixth amendment of the Lease. By way of the sixth amendment to the Lease, Plaintiff and BHT agreed to extend the Approval Contingency Period to February 28, 2023, "solely for the purpose of obtaining the LOMA[1] amendment from FEMA." Furthermore, by way of the sixth amendment to the Lease, BHT made the following material representation and warranty to Plaintiff: "Lessor [BHT] hereby represents and warrants that all other Approvals have been obtained and are effective."

16. Plaintiff is informed and believes, and based thereon alleges, that this material representation made by BHT in the sixth amendment to lease was false and constituted a material misrepresentation in that BHT had not in fact obtained all other Approvals and they were not effective. By way of example, Plaintiff is informed and believes that Plaintiff had not yet obtained a grading permit for the entire Property, had not yet obtained a building permit for the Property, and had not yet obtained the motorcycle shed and vehicle shed permits, at the time BHT made the representations in the sixth amendment to lease. Plaintiff is further informed and believes, and based thereon alleges, that BHT has to this day and years later, still not

_____

[1] LOMA stands for Letter of Map Amendment, as issued by the Federal Emergency Management Agency (FEMA).

32970840.1:10906-0006

-5-

COMPLAINT

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ◆ FAX 951.755.1650

obtained a proper grading permit for the Property. At the time BHT made the material misrepresentations in the sixth amendment to lease, BHT knew or reasonably should have known that the representations were false and inaccurate.

17. Based upon the material representations made by BHT to Plaintiff in the sixth amendment to lease that it had obtained all other Approvals and that they were effective, Plaintiff justifiably relied upon such representations in executing the sixth amendment to lease and continuing the business relationship under the Lease. But for these material misrepresentations made by BHT in the sixth amendment to lease, Plaintiff would not have entered into the sixth amendment to lease, would not have entered into any subsequent agreements or amendments to the Lease, would have terminated the Lease, and would not have continued with the business transaction with BHT.

**BHT Breaches the Lease by Failing to Obtain the Final LOMA.**

18. As of February 1, 2023, FEMA had issued the Conditional Letter of Map Revision for the Property, which required certain improvements to be performed at the Property by BHT before FEMA would issue the final LOMA amendment for the Property. Consequently, Plaintiff and BHT entered into a series of amendments to extend the time for BHT to obtain the final LOMA amendment, which was a necessary requirement of the Approvals in the Lease and part of the contingencies in Paragraph 40(a) of the Lease.

19. On or about, February 28, 2023, Plaintiff and BHT entered into the seventh amendment to lease, which extended the Approval Contingency Period through and including March 15, 2023, solely for the purpose of obtaining the final LOMA amendment from FEMA.

20. On or about March 13, 2023, Plaintiff and BHT entered into the eighth amendment to lease, which extended the Approval Contingency Period through and including April 15, 2023, solely for the purpose of obtaining the final LOMA amendment from FEMA.

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ♦ FAX 951.755.1650

21. On or about April 13, 2023, Plaintiff and BHT entered into the ninth amendment to lease, which extended the Approval Contingency Period through and including May 15, 2023, solely for the purpose of obtaining the final LOMA amendment from FEMA.

22. On or about May 12, 2023, Plaintiff and BHT entered into the tenth amendment to lease, which extended the Approval Contingency Period through and including June 30, 2023, solely for the purpose of obtaining the final LOMA amendment from FEMA.

23. On or about June 20, 2023, Plaintiff and BHT entered into the last and final eleventh amendment to lease, which extended the Approval Contingency Period through and including August 31, 2023, solely for the purpose of obtaining the final LOMA amendment from FEMA.

**Plaintiff Terminates the Lease and Additional Breaches by BHT.**

24. Pursuant to Paragraph 40(a) of the Lease, in the event that BHT was unable to obtain all of the Approvals within the Approval Contingency Period, then Plaintiff had the right to terminate the Lease by sending written notice to BHT on or before the expiration of the Approval Contingency Period, in which case the Lease would be terminated and null and void.

25. On or about August 24, 2023, Plaintiff provided timely and proper written notice of its termination of the Lease in accordance with the terms of the Lease.

26. At the time of the termination by Plaintiff on August 24, 2023, Plaintiff is informed and believes, and based thereon alleges, that:

(a) BHT had not yet obtained the final LOMA amendment from FEMA and had no viable or reasonable ability to do so by August 31, 2023.

(b) BHT had not started on construction of the initial improvements at the Property as required by the Lease.

(c) BHT did not have all of the other Approvals that it represented it had

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ♦ FAX 951.755.1650

obtained and were effective as of September 28, 2022, the date that BHT executed the sixth amendment to lease.

(d)  BHT had breached the terms of the Lease, as it had failed to provide all of the necessary Approvals, the final LOMA, had not started any construction, and represented that it could not timely complete the project, among other breaches.

(e)  BHT did not have a contractor under contract to perform the initial improvements required under the Lease.

(f)  BHT had not satisfied all of the requirements of the Approvals within the Approval Contingency Period and was not going to be able to do so by August 31, 2023.

(g)  BHT expressly admitted and acknowledged to Plaintiff that it could not meet the construction timeline required by the Lease[2].

(h)  BHT was grossly behind schedule in obtaining all Approvals and meeting the construction timeline under the Lease.

27.  Plaintiff alleges that its termination of the Lease was valid, proper, and in conformance with the terms of the Lease and the subsequent amendments to the Lease.

28.  Plaintiff alleges that as a result of its proper termination of the Lease, the Lease is now terminated and null and void.

29.  Plaintiff is informed and believes, and based thereon alleges, that BHT disputes the allegations and contentions set forth herein by Plaintiff.  To that end, on or about April 4, 2024, BHT's counsel sent a letter to Plaintiff disputing the termination of the Lease by Plaintiff, contending that the termination by Plaintiff was invalid, and seeking monetary damages in excess of $30,000,000.  Despite the clear and unequivocal language in the multiple lease amendments that BHT was

_____

[2] Notably, even as of May 2024, BHT has not commenced with construction of the Property and the Property sits as barren land.

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ◆ FAX 951.755.1650

32970840.1:10906-0006

-8-

COMPLAINT

required to obtain the final LOMA amendment from FEMA, Plaintiff is informed and believes, and based thereon alleges, that BHT contends it had no obligation to obtain a LOMA amendment within the Approval Contingency Period.

30. Plaintiff alleges that BHT's interpretation and contentions regarding the terms of the Lease and the subsequent amendments is incorrect, inaccurate and contrary to the express and unequivocal terms of the agreements and the meeting of the minds of the parties when executing such documents.

31. Accordingly, a justiciable controversy and dispute exists between Plaintiff and BHT as to the interpretation of the Lease and subsequent amendments, Plaintiff's termination of the Lease, the Lease becoming null and void, and material misrepresentations made by BHT to Plaintiff.

32. By way of this Complaint, Plaintiff requests that the Court declare the following:

(a) Plaintiff's termination of the Lease on August 24, 2023, was justified, proper, and in accordance with the terms of the Lease.

(b) The Lease is null and void.

(c) Plaintiff did not breach the Lease.

(d) BHT is not entitled to any damages from Plaintiff.

(e) BHT made material misrepresentations to Plaintiff in the sixth amendment to lease when BHT represented and warranted that it had obtained all other Approvals and they were effective as of September 28, 2022.

**FIRST CAUSE OF ACTION**

**As Against BHT and DOES 1-15**

**[Declaratory Relief]**

33. Plaintiff repeats and realleges paragraphs 1 through 33 inclusive, and incorporate the same as though fully set forth herein.

34. At all times herein mentioned and material hereto, Plaintiff is informed and believes, and based thereon alleges, that a dispute has arisen and an actual

32970840.1:10906-0006

-9-

COMPLAINT

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ♦ FAX 951.755.1650

controversy now exists between Plaintiff and BHT, and Does 1-5, in the Plaintiff contends its termination of the Lease on August 24, 2023 was justified, proper, and in accordance with the terms of the Lease, the Lease is null and void, Plaintiff did not breach the Lease, BHT is not entitled to any damages from Plaintiff, and that BHT made material misrepresentations to BHT in the sixth amendment to lease when BHT represented and warranted that it had obtained all other Approvals and they were effective as of September 28, 2022. Plaintiff is informed and believes, and based thereon alleges, that BHT disputes these allegations and contentions, such that resolution by this Court is necessary to resolve the legal dispute.

35. Plaintiff desires a judicial determination from this Court of its respective rights, duties and obligations under the Lease, the subsequent amendments, and Plaintiff's termination of the Lease.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against BHT as follows:

1. Declare that Plaintiff's termination of the Lease on August 24, 2023, was justified, proper, and in accordance with the terms of the Lease.

2. Declare that the Lease is null and void.

3. Declare that Plaintiff did not breach the Lease.

4. Declare that BHT is not entitled to any damages from Plaintiff.

5. Declare that BHT made material misrepresentations to Plaintiff in the sixth amendment to lease when BHT represented and warranted that it had obtained all other Approvals and they were effective as of September 28, 2022.

6. For attorneys' fees and costs incurred in this matter to the extent they are allowed pursuant to contract or law.

7. For cost of suit incurred herein;

8. For such other and further relief as this Court may deem just and proper in this matter.

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ◆ FAX 951.755.1650

32970840.1:10906-0006

-10-

COMPLAINT

DATED:  May 28, 2024                    WOOD, SMITH, HENNING & BERMAN LLP


By:  _/s/ KEITH E. SMITH_
       KEITH E. SMITH
Attorneys for Plaintiff, INSURANCE AUTO
AUCTIONS, INC. IN CA.

WOOD, SMITH, HENNING & BERMAN LLP
21804 CACTUS AVENUE, SUITE 200
RIVERSIDE, CALIFORNIA 92518-3010
TELEPHONE 951.779.5000 ♦ FAX 951.755.1650

32970840.1:10906-0006

-11-

COMPLAINT